## THE ARCTIC FIRE INSURANCE COMPANY *vs.* JEREMIAH AUSTIN, President, &c.

The plaintiff's assignors shipped a quantity of grain upon a canal boat which the defendants undertook to tow from Albany to New York. The boat was sunk, by a collision between it and another boat in the same tow, caused in part by the negligence of the captain of the canal boat, and the grain lost. In an action against the tow boat company, to recover the value, the judge presented to the jury this question: "Was the captain of the canal boat under the command of the tug boat; or, in other words, was the captain of the tug boat the commander of the towed craft, of the whole flotilla, all the barges and canal boats attached to the tug upon each side by hawsers?" * * "If you find that the captain of the tug was the captain of

the canal boat, (in other words, that the canal boat was subject to the orders of the captain of the tug boat,) and as such omitted to take the proper precautions for safe navigation and for the safe delivering of freight—such, for example, as directing and insisting upon a light being put out, [shown—] the plaintiff would be entitled to your verdict, *and you need not consider any other question in the case.*" *Held* that this portion of the charge was erroneous. That the jury were restricted to an inquiry altogether too narrow.

That even if it were assumed that the plaintiffs' property was to be held responsible for the negligence of the carrier, it was not sufficient to stop with the question whether the captain of the tug boat had the right to give and enforce orders in respect to the exhibiting of lights, but the instructions to the jury should have embraced an inquiry whether, if orders were given, they were not negligently disobeyed, or, if not given, whether a due care and caution to protect his own property should not, under all the circumstances, have induced the captain to exhibit a light, without any express orders.

APPEAL, by the defendant, from a judgment entered on the verdict of a jury. The case was before the court on a former appeal, and is reported 54 *Barb.* 559; where the facts are stated. (*See, also,* 6 *Thomp. & C.* 63, 195; 3 *Hun,* 195, *S. C.,* later.)

*Benedict, Taft & Benedict,* for the appellants.

*Geo. W. Parsons,* for the respondents.

*By the Court,* DAVIS, J. When this case was before this court on a former appeal, (*see* 54 *Barb.* 559,) the law touching the relative duties and liabilities of the *towing* and *towed* boats was considered and very clearly laid down in the prevailing opinion. The authorities, in my judgment, sustain the rules laid down by Ingraham, J. I think the learned judge who tried this case on the second trial departed materially from the rulings of the court, in a portion of his charge.

He presented to the jury this question: "Was the captain of the canal boat under the command of the tug boat; or, in other words, was the captain of the tug boat the commander of the towed craft, of the whole

Arctic Fire Insurance Company *v.* Austin.

flotilla, all the barges and canal boats attached to the tug upon each side by hawsers?" And after commenting upon the evidence on this point, he proceeded to say : "If you find that the captain of the tug is the captain of the canal boat, (in other words, that the canal boat is subject to the orders of the captain of the tug boat,) and as such omitted to take the proper precautions which he should have taken for safe navigation and for the safe delivering of freight, such for example as directing and insisting upon a light being put out, the plaintiff would be entitled to your verdict, *and you need not consider any other question in the case.*"

To this part of the charge the defendant duly excepted. The effect of this charge was to submit to the jury as a question of fact the legal relations that sprung up between the parties under the contract for towing the canal boat from Albany to New York, and to instruct them that if they found that the canal boat was subject to the orders of the tug boat, having her in tow, and the captain of the tug boat omitted proper precautions, such as directing and insisting upon a light being put on the canal boat, then upon that fact alone the plaintiff was entitled to a verdict. This seems to me to have been erroneous. The captain of the tug boat may well be deemed to have the general control of the boats which he is employed to tow, and for certain purposes he may well be said to be captain of the whole flotilla, and each canal boat may be subject, for such purpose, to the orders of the captain of the tug boat, but it would not follow that this fact relieved the master of the canal boat from all his obligations and duties in the care and management of his boat. His position as captain of the canal boat continued, with the obligation to use care and caution and all reasonable exertions to protect his property, subordinate only to the general control of the captain of the towing boat. His obedience of specific orders from the latter, in the matter of navigating the boat,

Arctic Fire Insurance Company *v.* Austin.

might relieve him from the charge of negligence, although the giving of such orders by the captain of the tug boat might be held to be negligence in him; but the disobedience, or refusal, or neglect to obey such orders might be negligence which would subject the canal boat alone to the consequence of *injuries to itself*, resulting therefrom. In this case, therefore, if we assume that the plaintiff's property is to be held responsible for the negligence of the carrier, it was not sufficient to stop with the question whether the captain of the tug boat had the right to give and enforce orders in respect to the keeping out lights, but the instruction to the jury should have embraced an inquiry whether, if orders were given, they were not negligently disobeyed, or if not given, whether a due care and caution to protect his own property should not, under all the circumstances, have required the captain to put out a light without any explicit orders.

I think the jury on this subject were restricted to an inquiry altogether too narrow; and I am unable to see with certainty that this restriction did not lead to the result of which the appellant complains.

It may well be that upon a new trial the plaintiff will be entitled to a verdict as a matter of law, on the ground that the corn of the plaintiff's assignor was destroyed by the concurrent negligence of two parties, to which negligence his property made no contribution; but the case has not been presented below with a view to that question, as it may be upon another trial.

I think the judgment should be reversed and a new trial ordered, with costs to abide the event.

Judgment accordingly.

[First Department, General Term, at New York, March, 1873. *Ingraham* and *Davis*, Justices.]